| | |
|---|---|
| 1 | Michael L. Kibbe, Bar No. 302137 |
| | mkibbe@littler.com |
| 2 | John Keeney, Bar No. 329241 |
| | jkeeney@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 18565 Jamboree Road |
| 4 | Suite 800 |
| | Irvine, California 92612 |
| 5 | Telephone: 949.705.3000 |
| | Fax No.:    949.724.1201 |
| 6 | |
| 7 | Attorneys for Defendants |
| | OFFICIA IMAGING, INC., DBA OFFICE1 |
| | AND ALTERNATIVE BUSINESS |
| 8 | EQUIPMENT, INC., DBA OFFICE1 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVONNE GONZALES, an individual, on behalf of herself, and on behalf of all persons similarly situated , | Case No. **'22CV1982 DMS MDD** |
| Plaintiffs, | **NOTICE OF REMOVAL OF DEFENDANTS OFFICIA IMAGING, INC., DBA OFFICE1 AND ALTERNATIVE BUSINESS EQUIPMENT, INC., DBA OFFICE1 OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446** |
| v. | |
| OFFICIA IMAGING, INC., dba OFFICE1, a Nevada corporation; ALTERNATIVE BUSINESS EQUIPMENT, INC. dba OFFICE1 a Nevada corporation; and DOES 1-50, Inclusive, | |
| Defendants. | |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

1
NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF IVONNE GONZALES, AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants OFFICIA IMAGING, INC., DBA OFFICE1 AND ALTERNATIVE BUSINESS EQUIPMENT, INC., DBA OFFICE1, ("Defendants") hereby remove the above-entitled action, *Ivonne Gonzales v. Officia Imaging, Inc., et al.,* San Diego County Superior Court Case No. 37-2022-00041104-CU-OE-CTL, from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. Removal is proper in this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

### A. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than one-hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

2. This Court also has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. 1332(a). In relevant part, the diversity statute grants District Courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2
NOTICE OF REMOVAL

B.   **PLEADINGS, PROCESS, AND ORDERS**

3.   On October 12, 2022, Plaintiff Ivonne Gonzales ("Plaintiff") filed a Complaint ("Complaint") against Officia Imaging, Inc. dba Office1, Alternative Business equipment, Inc. dba Office1, and Does 1-50 in the San Diego Superior Court: *Ivonne Gonzales, on behalf of herself and for all similarly situated persons, and the general public; Plaintiff, v. Officia Imaging, Inc. dba Office1, a Nevada corporation; Alternative Business Equipment, Inc. dba Office1, a Nevada corporation; and DOES 1-50 INCLUSIVE, Defendants*, Case No. 37-2022-00041104-CU-OE-CTL (the "State Court Action" or "Complaint").

4.   The Complaint purports to assert the following 9 causes of action: (1) Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200 et seq; (2) Failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197, 197.1; (3) Failure to pay overtime wages in violation of Cal. Lab. Code §§510, et seq; (4) Failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the applicable IWC Wage Order; (5) Failure to provide rest periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the applicable IWC Wage Order; (6) Failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; (7) Failure to provide accurate itemized statements in violation of Cal. Lab. Code § 226; (8) Retaliation in violation of Cal. Lab. Code § 1102.5; (9) Constructive Discharge in violation of public policy.

5.   On November 14, 2022,[1] Plaintiff served Defendants with the following documents: Summons, Alternative Dispute Resolution (ADR) Package, Civil Case Cover Sheet, Judicial Assignment, and Complaint. True and correct copies of these documents, including attachments, are attached to the Declaration of John Keeney ("Keeney Decl.") as **Exhibit A**.

---

[1] Plaintiff served Defendants with a Notice of Acknowledgment of Receipt on October 24, 2022, which was signed and returned on November 14, 2022. *See* Cal. Civ. Proc. Code §415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.")

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3
NOTICE OF REMOVAL

6. Pursuant to 28 U.S.C. §1446(d), and to the best of Defendants' knowledge, the attached exhibits constitute all process, pleadings, and orders served on Defendants in the State Court Action. To Defendants' knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action.

7. On December 13, 2022, Defendant filed an Answer to Plaintiff's Complaint in state court. A true and correct copy of Defendant's Answer are attached to the Keeney Decl. as **Exhibit B**.

C. **TIMELINESS OF REMOVAL**

8. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure. "Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint). Here, Defendants were served on November 14, 2022, which means the thirty-day deadline for removal falls on December 14, 2022.

9. The Complaint also names as defendants "DOES 1 through 50." Defendants are informed and believes, and on that basis alleges, that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

D. **DIVERSITY JURISDICTION**

10. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4
NOTICE OF REMOVAL

1441(a) and (b), the State Court Action may be removed to this Court by Defendants because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A. Diversity of Citizenship

11. <u>Plaintiff is a Citizen of California</u>. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. (Complaint, ¶¶ 5-7, 59); *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

13. <u>Defendants are not a Citizens of California</u>. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business."

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5
NOTICE OF REMOVAL

*Id*. To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id*.

14. Defendants are corporations organized under the laws of the State of Nevada with their principal place of business in Las Vegas, Nevada, where their corporate offices and headquarters that house their primary executive, administrative, and operational functions are located. Declaration of Todd Rogers ("Rogers Decl."), ¶¶ 2-4. In addition, the Company makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, investor relations, and other policy decisions primarily at the headquarters in Las Vegas, Nevada. *Id*., ¶ 4.

15. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. ¶ 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

16. Therefore, since Defendants are not citizens of California, but Plaintiff is, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

### B. Amount in Controversy

17. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The amount in controversy is considered an estimate of the total amount in dispute and is not considered a prospective assessment of Defendants' liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Thus, the amount in controversy reflects the

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6
NOTICE OF REMOVAL

maximum recovery the plaintiff could reasonably recover. *Arias v. Residence Inn by Marriott*, No. 19-55803, Sept. 3, 2019 (9th Cir. 2019) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).[2] Defendants only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy as to Plaintiff's individual claims exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

18. In her Complaint, Plaintiff seeks compensatory damages for wages, attorneys' fees, punitive and exemplary damages, and interest and penalties for failing to pay wages when due. (Complaint, Prayer for Relief). Plaintiff further alleges, and seeks damages for, missed meal and rest periods as well as retaliation and wrongful termination claims.

19. Specifically, Plaintiff alleges that she "was required to work in excess of four (4) hours without being provided ten (1) minute rest periods…" (Complaint, ¶ 19). Similarly, Plaintiff alleges that she worked shifts of over five hours and was not given a thirty-minute, uninterrupted meal break for each such shift. (Complaint,

---

[2] Explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them.

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7
NOTICE OF REMOVAL

¶ 17). Plaintiff further alleges that she and putative class members were working more than 8 hours in a day and more than 40 hours in a week and were not paid overtime wages for all the hours they worked overtime. (Complaint, ¶¶ 24-32). As such, Plaintiff alleges that Defendants failed to pay for all the hours worked and all the wages earned by Plaintiff and Class Members and that such failure was part of a joint scheme, business plan or policy carried out by Defendants.  (Complaint, ¶ 37). *See, e.g., Coleman v. Estes Exp. Lines, Inc.*, 730 F. Supp. 3d 1141, 1150 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (finding a 100% violation rate for missed meal and rest breaks reasonable where "Plaintiff included no limitation on number of violations."); *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212 **10-11 (C.D. Cal. May 21, 2015) (100% violation rate may be based on allegations of uniformly adopted and maintained policies).

20.   Plaintiff also alleges that Defendants retaliated and constructively terminated her in retaliation for Plaintiff's medical condition. (Complaint, ¶¶ 41-54).

21.   Plaintiff alleges she worked for Defendants from March 2015 to October 21, 2021.  (Complaint, ¶ 41).

22.   Plaintiff worked for Defendants and earned an hourly rate of $22.25.

23.   Plaintiff alleges that Defendants "… systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF and other members of the CALIFORNIA CLASS for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal and rest premiums at the regular rate, and failed to issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

8
NOTICE OF REMOVAL

the pay periods and the corresponding amount of time worked at each hourly rate." (Complaint, ¶ 16).

24. Taking Plaintiff's allegations as true solely for purposes of calculating damages for removal, and assuming that Plaintiff worked 790[3] days between October 12, 2018 (the beginning of the putative class period) and October 21, 2021 (Plaintiff's last day worked before leave of absence), at a rate of $22.25 per hour as a non-exempt employee, Plaintiff's individual unpaid overtime damages, assuming one hour of overtime per day, amounts to approximately **$26,366.25**.[4]

25. Plaintiff also seeks damages for missed meal and rest periods. Plaintiff's individual meal and rest period damages are approximately **$17,577.50**[5] for missed meal periods and **$17,577.50**[6] for missed rest periods. Thus, Plaintiff's total individual damages for missed meal and rest breaks are approximately **$35,155**.

26. Plaintiff also alleges Defendants failed to timely pay final wages and seeks penalties pursuant to Labor Code § 203 which entitles former employees an additional day of wages as a penalty for each day that wages remain unpaid, for up to a maximum of thirty days. Without conceding that Plaintiff's claims carry merit, Plaintiff's individual waiting time penalties could amount to **$5,340**.[7]

27. Plaintiff further alleges that Defendants furnished inaccurate wage statements and seeks penalties pursuant to Labor Code § 226(e) which provides a $50 penalty for the initial pay period in which a violation occurs and $100 per each violation in subsequent pay periods, up to the greater of actual damages or an aggregate $4,000 penalty per putative class member. Thus, Plaintiff's damages as to his wage statement claim could amount to **$4,000**.

28. Additionally, Plaintiff baldly alleges that Defendants failed to pay minimum wage for all hours worked. Assuming Plaintiff seeks unpaid wages for

---

[3] Work days calculated using Microsoft Excel's Networkdays function.
[4] ($22.25 x 1.5) x 790 work days.
[5] $22.25 per hour x 790 work days.
[6] $22.25 per hour x 790 work days.
[7] $22.25 per hour x 8 hours x 30 days.

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9
NOTICE OF REMOVAL

purported off-the-clock work, and assuming Plaintiff seeks three hours of wages for off-the-clock work per week at Plaintiff's hourly rate of pay of $22.25 per hour, Plaintiff's potential damages for unpaid minimum wage amount to approximately **$10,546.50**.[8] Moreover, this amount does not account for liquidated damages and interest pursuant to Labor Code § 1194 as sought by Plaintiff.

29. Plaintiff's total individual damages just for a portion of the alleged Labor Code violations total approximately **$81,407.75** *before* consideration of Plaintiff's retaliation and constructive termination claims, attorneys' fees, punitive damages, and "other relief" as prayed for in Plaintiff's Prayer for Relief.

30. Plaintiff's attorneys' fees are considered in determining whether the jurisdictional limit is met. The Ninth Circuit very recently opined that prospective attorneys' fees <u>must</u> be included in the amount in controversy where such fees are recoverable by statute or contract. *Arias v. Residence Inn by Marriott*, No. 19-55803, Sept. 3, 2019 (9th Cir. 2019). Plaintiff may recover attorneys' fees on his claim for unpaid overtime wages and his wage statement claim because Labor Code §§ 1194 and 226(e) authorize awards of reasonable attorneys' fees to a prevailing plaintiff. While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1034. The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.3d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the "bench mark" percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, 2012 U.S. Dist. LEXIS 73983 at *9 ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees award a twenty-five percent of the common fund of recovery.").

31. Conservatively estimating attorneys' fees account for 25% of the Plaintiff's recovery, here Plaintiff's attorneys' fees could amount to $20,351.94,[9]

---

[8] $22.25 per hour x 3 straight time hours per week x (790 work days / 5 days in work week)
[9] $81,407.75 x 0.25

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10
NOTICE OF REMOVAL

thereby bringing the total amount in controversy as to Plaintiff's individual claims to at least **$101,759.69**. Again, this amount does not take into consideration Plaintiff's retaliation and constructive discharge claims, liquidated damages and interest on the minimum wage claim.

32. Plaintiff also seeks open-ended relief for "such other and further relief as the Court deems just and proper." (Prayer for Relief). Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claims in excess of $75,000.).

33. In sum, although Defendants do not concede Plaintiff's claims have any merit, based on the information above, it is certain that the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

E. **CAFA JURISDICTION**

34. This Court also has jurisdiction over this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and at least one named and served Defendants; and (4) the total amount in controversy for all class members exceeds $5,000,000.

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

11
NOTICE OF REMOVAL

### A. Plaintiff Filed a Class Action Under State Law

35. Plaintiff filed their action as a class action based on alleged violations of California state law.

### B. The Proposed Class Contains At Least 100 Members

36. 28 U.S.C. § 1332(d)(5)(B) requires that that, to be removable, the class contain at least 100 members. This requirement is easily met in this case.

37. Plaintiff seeks to represent a class consisting of all current and former employees of Defendant defined as "all persons who are or previously were employed by Defendant Officia Imaging and/or Defendant Alternative Business Equipment in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD")." (Complaint, ¶ 55). As defined, Plaintiff's proposed class includes a total 112 putative class members.

38. According to Plaintiff's class definition, and upon a review of Defendants' records by a human resources employee with personal knowledge of the Company's record keeping practices, there is well in excess of 100 putative class members employed between October 12, 2018 (four years prior to the filing of the Complaint) and the date of this removal in December 2022.

### C. Defendant is Not a Governmental Entity

39. Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

40. Defendants are private business entities, not states, state officials, or other governmental entities exempt from the CAFA.

### D. There is Diversity Between At Least One Class Member and One Defendant

41. CAFA's minimal diversity requirement is satisfied when "any member

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

12
NOTICE OF REMOVAL

of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). As set forth in Section A above, minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

### E. The Amount in Controversy Exceeds $5,000,000

42. This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

43. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Indeed, Defendant is permitted to rely upon a "chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, No. 19-55803, Sept. 3, 2019 (9th Cir. 2019) (internal citations omitted). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

44. Plaintiff alleges a cause of action for a violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*. (Complaint, ¶¶ 68-82). Alleging a UCL violation extends the statute of limitations on Plaintiff's wage and hour claims from three to four years from the filing of the Complaint, or going back to October 12, 2018. *See* Cal. Bus. & Prof. Code § 17208;

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

13
NOTICE OF REMOVAL

*Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

45. In satisfying the amount in controversy requirement, Defendants reasonably rely upon a combination of the Complaint's definition of the putative class, the Defendants' employee data, and assumptions about the frequency of the violations alleged in the Complaint. *Arias v. Residence Inn by Marriott*, No. 19-55803, Sept. 3, 2019 (9th Cir. 2019).

46. As a basis for the below calculations, Defendants calculated a total of 1,089[10] workdays in the putative class period of October 12, 2018, to the date of removal, December 14, 2022. Defendant then determined based on that number of workdays, the putative class period contains 155.57 work weeks. Additionally, Defendant conservatively based the calculations below upon the number of non-exempt employees in California during the putative class period, which totals 112 individuals. The average hourly rate of pay for non-exempt employees in California is $25.83[11]

### (1)   Unpaid Missed Rest Breaks Claim

47. Plaintiff alleges Defendant did not permit him or putative class members from taking paid, uninterrupted rest breaks as permitted by California law. (Complaint, ¶¶ 17, 36). Pursuant to Labor Code § 226.7, and without conceding Plaintiff's claims have any merit, Plaintiff and the putative class members would be entitled to one additional hour of pay at their regular rate of compensation for each work day that a rest period was not provided. Plaintiff alleges that Defendant's failure to provide rest breaks was part of "company policy, practice, and procedure, intentionally, knowingly, and systematically" carried out by Defendant. (Complaint, ¶ 16). As such, Plaintiff's Complaint alleges that as a standard policy, employees have been, and continue to be, denied rest breaks each day worked, and are therefore

---

[10] Calculated using Microsoft Excel's Networkdays function for October 12, 2018, to December 14, 2022.
[11] Calculated using Microsoft Excel's averaging function for non-exempt hourly employees only.

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

14
NOTICE OF REMOVAL

owed one hour of premium wages under Labor Code § 226.7. *See, e.g., Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212 **10-11 (C.D. Cal. May 21, 2015) (100% violation rate may be based on allegations of uniformly adopted and maintained policies).

48. Conservatively assuming Plaintiff and the non-exempt putative class members were not provided compliant, uninterrupted rest breaks two times per week, the amount in controversy is **$900,115.57**.[12]

### (2) Unpaid Meal Period Claim

49. Plaintiff similarly alleges that Defendant prevented Plaintiff and the putative class members from taking thirty-minute, uninterrupted meal periods pursuant to Labor Code § 226.7, and as such Plaintiff and the putative class members are entitled to one hour of premium wages. (Complaint, ¶¶ 16-18).

50. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided. CAL. LAB. CODE § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. See CAL. CIV. PROC. CODE § 338(a) (setting out a three-year limitations period); CAL. BUS. & PROF. CODE § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

51. For purposes of establishing the amount in controversy at removal, Defendant need not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020).

52. Plaintiff does not allege the frequency of violations, but alleges such

---

[12] (155.57 work weeks x 112 non-exempt employees) x ($25.83 per hour x 2 missed rest periods per work week)

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

15
NOTICE OF REMOVAL

violations were "routine" and part of a "joint scheme" carried out by Defendant, and as such, Defendant is permitted to assume 100% violation rate. *See, e.g., Coleman v. Estes Exp. Lines, Inc.*, 730 F. Supp. 3d 1141, 1150 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (finding a 100% violation rate for missed meal and rest breaks reasonable where "Plaintiff included no limitation on number of violations."); *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212 **10-11 (C.D. Cal. May 21, 2015) (100% violation rate may be based on allegations of uniformly adopted and maintained policies).  Nonetheless, Defendant conservatively calculates the amount in controversy for missed meal periods based on two missed period per week at **$900,115.57**[13] for the putative class.

### (3) Failure to Pay Minimum Wage

53.   Plaintiff alleges that Defendants failed to pay minimum wage for all hours worked. Assuming Plaintiff seeks unpaid wages for purported off-the-clock work, and assuming Plaintiff seeks three hours of wages for off-the-clock work per week at the average hourly rate of pay for non-exempt employees during the putative class period of $25.83 the potential damages for unpaid minimum wage amount to approximately **$1,350,173.36**.[14]  (Complaint, ⁋ 25-26).

### (4) Failure to Pay Overtime

54.   Plaintiff alleges she worked more than eight hours per day and more than forty hours per week without overtime compensation. (Complaint, ¶ 16).

55.   California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the

---

[13] (155.57 work weeks x 112 non-exempt employees) x ($25.83 per hour x 2 missed meal period per work week)
[14] (155.57 work weeks x 112 non-exempt employees) x ($25.83 per hour x 3 straight time hours per week)

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

16
NOTICE OF REMOVAL

seventh consecutive day of work in a single workweek. Cal. Lab. C., § 510(a).

56. The average hourly rate of pay for non-exempt employees during the putative class period was $25.83, and therefore an overtime premium of $38.75 per hour applied.

57. Conservatively assuming that each non-exempt putative class member, as the class is defined by Plaintiff in the Complaint, worked three hours of overtime per work week, the amount in controversy for uncompensated overtime is **$2,025,521.40**.[15] *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17-867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice of wage abuse); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week when the complaint includes no additional indication of frequency); *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

### (5) Failure to Provide Accurate Wage Statements

58. Plaintiff alleges that Defendant knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. (Complaint, ¶ 23.) Plaintiff alleges the deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked

---

[15] (155.57 work weeks x 112 non-exempt employees) x ($38.75 per hour overtime premium x 3 hours of overtime per work week).

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

17
NOTICE OF REMOVAL

at each hourly rate by Plaintiff and Class Members. (Complaint, ¶ 21.)

59. Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. C., § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. CCP, § 340.

60. Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, based on a review of its records, Defendant has employed at least 63 non-exempt employees since October 12, 2021, for 1,926 pay periods. Therefore, the average number of pay periods per employee is more than 17, and resulting average penalties are $1,650 ([$50 * 1] + [$100 * 16]). The total amount in controversy for Plaintiff's wage statement penalty claim is **$103,950** (63 employees * $1,650 average penalty per employee).

### (6) Plaintiff's Claim for Attorney's Fees

61. Plaintiff's attorneys' fees are also considered in determining whether the jurisdictional limit is met for purposes of removal under the CAFA. The Ninth Circuit recently opined that prospective attorneys' fees <u>must</u> be included in the amount in controversy where such fees are recoverable by statute or contract. *Arias v. Residence Inn by Marriott*, No. 19-55803, Sept. 3, 2019 (9th Cir. 2019). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.3d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the "bench mark" percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, 2012 U.S. Dist. LEXIS 73983 at *9 ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees award a twenty-five percent of the common fund of recovery.").

62. Based on the above, the amount in controversy for rest break premiums, meal period premiums, unpaid overtime, and wage statement penalties is conservatively $5,279,875.90. Taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $1,319,968.98 for a total amount in controversy of **$6,599,844.88**.

63. Plaintiff also seeks open-ended relief for "such other and further relief as the Court deems just and proper." (Prayer for Relief). Although uncertain in amount, these additional damages claims also only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004).

64. In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the information above, it is certain that the amount in controversy for Plaintiff's claims exceeds the CAFA threshold amount of $5,000,000, exclusive of interest and costs.

**F.  VENUE**

65. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego.

**G.  NOTICE OF REMOVAL**

66. For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30) days of service on any defendant of a paper providing notice that a basis for removal of this action exists.

**H.  SUMMARY**

67. As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for unpaid overtime, meal period premiums, rest break premiums, failure to pay wages at time of termination, wage statement penalties, and unreimbursed business expenses and attorneys' fees are well in excess

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

19
NOTICE OF REMOVAL

of the CAFA jurisdictional requirement of $5 million. See 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy Conservative Estimate |
|---|---|
| Rest Period Premiums | $900,115.57 |
| Meal Period Premiums | $900,115.57 |
| Overtime Wages | $2,025,521.40 |
| Minimum Wages | $1,350,173.36 |
| Inaccurate Wage Statements | $103,950 |
| Attorneys' Fees | $1,319,968.98 |
| **Amount in Controversy** | **$6,599,844.88** |

68. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

## I. CONCLUSION

69. WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: December 14, 2022

LITTLER MENDELSON, P.C.

/s/ Michael L. Kibbe
Michael L. Kibbe
John Keeney

Attorneys for Defendants
OFFICIA IMAGING, INC., DBA OFFICE1 AND ALTERNATIVE BUSINESS EQUIPMENT, INC., DBA OFFICE1

4868-1562-5021.2 / 088640-1009

LITTLER MENDELSON, P.C.
Attorneys at Law
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

20
NOTICE OF REMOVAL